IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KIM VASQUEZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>NEW YORK STATE SUPREME COURT,<br><br>　　　　Defendant. | Civil No. 26-00416 MWJS-WRP<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**INTRODUCTION**

Pro se Plaintiff Kim Vasquez has filed a complaint against the New York State Supreme Court.  She has also applied to proceed in forma pauperis (IFP), that is, without prepayment of fees or security.  When an IFP application is filed, the court must screen the proposed complaint to determine whether it states a claim upon which relief can be granted.

Vasquez cannot afford court fees, and so the court GRANTS her IFP application.  But for the reasons stated below, the complaint does not currently state a claim for which the court can provide relief.  The court therefore DISMISSES the complaint with leave to amend.  If Vasquez wishes to continue pursuing this case, she must file an amended complaint by September 11, 2026.

## DISCUSSION

### A.    Application to Proceed In Forma Pauperis

Typically, a person who wishes to bring a lawsuit in federal court is required to pay various court fees.  Federal law, however, permits federal courts to allow a person to proceed without prepaying those fees (or providing security for them) if that person submits an affidavit showing that they cannot afford the fees.  *See* 28 U.S.C. § 1915(a).  While there is no specific formula to determine whether an IFP applicant can afford the fees, an IFP affidavit must at least allege "that the affiant cannot pay the court costs and still afford the necessities of life," and it must do so "with some particularity, definiteness and certainty."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Here, Vasquez's IFP affidavit indicates that she has no income or assets except for $8 in cash and a moped valued at $400.  Dkt. No. 2, at PageID.8-12.  She also notes in her complaint that she is "homeless" and "sleeping on the street."  Dkt. No. 1, at PageID.5.  Based on these representations, the court finds that Vasquez has demonstrated an inability to afford court fees pursuant to 28 U.S.C. § 1915.  *See, e.g., Hoosier v. Exec. Ctr. Ass'n*, Civ. No. 25-00459, 2025 WL 3049764, at *1 (D. Haw. Oct. 31, 2025).  The court therefore GRANTS her IFP application.

### B.    Screening of Vasquez's Complaint

When a plaintiff proceeds in forma pauperis, the court must screen the complaint to ensure that it is not frivolous, malicious, and does not fail to state a claim on which

2

relief may be granted.  28 U.S.C. § 1915(e)(2).  Because Vasquez is a pro se plaintiff, the court construes her complaint liberally.  *See, e.g., Henderson v. Alexander & Baldwin, Inc.*, CV No. 07-00101, 2007 WL 3332067, at *4 (D. Haw. Nov. 7, 2007).  But even when construed liberally, the complaint of a pro se plaintiff must offer enough facts to state a claim for relief that is plausible on its face.  *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  And those facts must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Vasquez's complaint alleges the following facts.  On April 11, 1980, the day that she was born, "the County of New York used [her] identity to take control of all of [her] businesses."  Dkt. No. 1, at PageID.4.  As a result, all of Vasquez's "assets and land titles" are being secured in the "New York State Dormitory" in Manhattan.  *Id.*  She alleges that these actions violate the Tenth Amendment of the United States Constitution and the "Treaty Act Law of 1933," based on the denial of Vasquez's "self worth value."  *Id.* at PageID.3-4.  And while she does not claim that these actions have caused her any injuries, her complaint explains that she has "sustained thousands of injuries" including gunshot wounds and car accidents, and that she needs her assets and land titles in part to deal with these injuries.  *Id.* at PageID.5.  She brings claims based on these alleged violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, and asks the court to return

3

her "birth ownership title, . . . all of [her] birth ownership title rights," and the "full control and possession" of "all businesses owned by [her] . . . including all funds indebted to me from New York State."  *Id.*

In their current form, these allegations do not state a claim for relief sufficient to pass screening.  This is true for at least three reasons—and possibly a fourth—and so in any amended complaint, Vasquez will need to address these issues if she intends to continue pursuing her claims.

1.      Vasquez's complaint does not currently contain any factual allegations linking the harms she claims that she has suffered to the actions of any defendant. Every complaint filed in federal court must contain enough facts to state a claim for relief, and those facts must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.  Rule 8 of the Federal Rules of Civil Procedure facilitates this goal by requiring a complaint to contain "a short and plain statement" of the claim sufficient to give the court and the defendant fair notice of the claims alleged.  Taken together, these requirements mean that a plaintiff's complaint "must allege in specific terms how each named defendant is involved and set forth an affirmative link between each defendant's actions" and the claimed harm. *Williams v. U.S. Dep't of Justice*, Civ. No. 19-00081, 2019 WL 1768610, at *3 (D. Haw. Apr. 22, 2019).

Vasquez's complaint names only one Defendant:  the New York State Supreme Court.  *See* Dkt. No. 1, at PageID.1.  But the complaint does not explain how the New York State Supreme Court is responsible for the wrongdoing that Vasquez alleges— namely, the misuse of her identity to "take control of all of [her] businesses" and title. *Id.* at PageID.4.  In fact, the only factual allegation in the complaint relating to the New York State Supreme Court is the statement that the "events giving rise to [Vasquez's] claims occur[red] inside of the New York State Supreme Court."  *Id.*  But the fact that an alleged wrong occurred in a location controlled by a defendant is not, without more, sufficient to allege that the defendant caused the injuries alleged.  In other words, the complaint does not "explain, in a clear and concise manner, what [the] defendant did and how those specific facts create a plausible claim for relief."  *Hoosier*, 2025 WL 3049764, at *4.  Any future complaint must therefore include specific allegations linking the actions of each defendant to the alleged wrongdoing.

2.      Even if Vasquez's complaint had included sufficient factual allegations to establish an affirmative link between the Defendant's actions and the claimed harm, her claims against the New York Supreme Court could not go forward.  Normally, a plaintiff can address the failure to properly state a claim by amending their complaint to allege the specific actions of the defendant which they believe caused them harm.  But in this case, there is a separate issue that prevents Vasquez from realleging claims against the sole defendant in this case.  The New York Supreme Court is "an arm of the

5

State" of New York, *see Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009), and under the

Eleventh Amendment to the United States Constitution, "a State or one of its agencies

or departments" cannot be sued unless that state (or an arm of that state) has consented

to be sued. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). That

Eleventh Amendment sovereign immunity extends to the New York Supreme Court

and has not been waived by the State of New York or abrogated by any act of Congress.

*Hahn v. New York*, 825 F. App'x 53, 54 (2d Cir. 2020). The New York Supreme Court is

therefore immune from suit under the Eleventh Amendment, and so Vasquez cannot

state a claim against the court. *See Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156,

1161 (9th Cir. 2003). If she decides to file an amended complaint, it may not name the

New York Supreme Court as a defendant or state a claim against it.[1]

3.      Even if Vasquez were to allege claims with sufficient factual matter

against defendants who are not immune from suit, her complaint still would not

adequately allege that Vasquez has suffered any violation of the Constitution or federal

law. The complaint asserts two types of claims that are designed to address violations

---

[1]      The Eleventh Amendment not only bars actions brought against a state court itself, but also generally precludes actions against officers or employees of that court. *See Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). But in limited circumstances, a plaintiff may sue certain state officials in their official capacities for the purpose of obtaining "prospective relief"—that is, forward-looking relief—"to correct an ongoing violation of the Constitution or federal law." *Cardenas v. Anzai*, 311 F.3d 929, 934-35 (9th Cir. 2002) (discussing *Ex parte Young*, 209 U.S. 123 (1908)). Vasquez should bear this requirement in mind if she intends to amend her complaint to add claims against state officials in their official capacity.

6

of the Constitution or federal law:  a claim brought pursuant to the Supreme Court's

decision in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S.

388 (1971), which permits a plaintiff to allege violations against federal officials, and a

claim brought pursuant to 42 U.S.C. § 1983, which permits a plaintiff to allege violations

against state officials.  *See Denis v. Ige*, 538 F. Supp. 3d 1063, 1070 n.6 (D. Haw. 2021)

(explaining the differences between a *Bivens* action and a § 1983 action).  The complaint

in its current form only names a state defendant—although one that is immune from

suit, for the reasons discussed above—so only § 1983 is potentially relevant here.  And

to state a claim under § 1983, Vasquez must allege facts permitting a plausible inference

that she has suffered "the violation of a right secured by the Constitution and laws of

the United States" at the hands of a "person acting under color of state law."  *West v.

Atkins*, 487 U.S. 42, 48 (1988).

Vasquez's complaint does not plausibly allege the violation of a federal right.

Although it repeatedly cites the Tenth Amendment to the United States Constitution as

the basis for Vasquez's claims, it does not explain how or why it applies here.  And the

connection is not clear on its face.  The Tenth Amendment provides that "[t]he powers

not delegated to the United States by the Constitution, nor prohibited by it to the States,

are reserved to the States respectively, or to the people."  U.S. Const. amend. X.  In other

words, the text of the Tenth Amendment concerns "the proper division of authority

between the Federal Government and the States."  *New York v. United States*, 505 U.S.

144, 149 (1992).  But the allegations in the complaint do not touch on any balance of power between any state and the United States government; indeed, the allegations do not mention the federal government at all.  It follows that Vasquez has failed to state a claim under the Tenth Amendment.  *See, e.g.*, *Howard v. Alcantar*, No. 12-cv-00490, 2014 WL 172378, at *2 (E.D. Cal. Jan. 15, 2014).

Vasquez offers one other possible basis for her § 1983 claim:  a violation of the "Treaty Act Law of 1933," resulting in the denial of her "self-worth."  Dkt. No. 1, at PageID.4.  Under certain "specified circumstances, claims for deprivations of treaty-based rights" may be cognizable under § 1983.  *Romero v. Kitsap County*, 931 F.2d 624, 627 n.5 (9th Cir. 1991).  But the court has not been able to find any treaty or federal law known as the "Treaty Act Law of 1933," or indeed any such law with a similar name or date of ratification.  Vasquez therefore also fails to adequately allege a basis for a § 1983 claim based on a violation of a treaty-based right.  In any future amended complaint, then, Vasquez should carefully ensure that she is citing the provision of law she intends to cite, and should also specifically explain the reasons why the constitutional provisions, treaties, or laws she cites as the basis for her claims are related to the wrongdoing alleged in the complaint.

4.      There is one final problem with Vasquez's claims as they are currently pled in the complaint.  Vasquez alleges that the events giving rise to her claims occurred on "April 11, 1980, at 7:30 a.m."  Dkt. No. 1, at PageID.4.  But claims brought under

8

§ 1983 are subject to a statute of limitations—that is, a deadline after which the claim cannot be brought—borrowed from the forum state's statute of limitations for personal injury actions. *Puana v. Kealoha*, 587 F. Supp. 3d 1035, 1056-57 (D. Haw. 2022). In Hawaiʻi, the relevant statute of limitations is two years. *Id.* (citing Haw. Rev. Stat. § 657-7).

"Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Bird. v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (cleaned up). And under federal law, "the 'discovery rule' typically governs the accrual of § 1983 claims so that a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (cleaned up). The complaint does not currently include any allegations from which the court could conclude when Vasquez first knew or should have known about the injury that she alleges occurs on the date of her birth. Nor does it include allegations which might permit the court to effectively extend, or "toll," the statute of limitations. *See generally Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004) (discussing statutory and equitable tolling).

To be clear, the court is not dismissing Vasquez's complaint based on the apparent untimeliness of her action. But Vasquez is advised that a claim may be dismissed for failure to state a claim "on the ground that it is barred by the applicable statute of limitations when the running of the statute is apparent on the face of complaint." *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010)

(cleaned up).  If she decides to file an amended complaint, she should consider including allegations from which the court could conclude that her claims—based on an event which took place over forty years ago—are in fact timely, either based on the application of the discovery rule, or because law or equity allow the court to toll the statute of limitations.

\*        \*        \*

In summary, the complaint in its current form suffers from at least three critical issues:  it does not explain how the actions of any defendant caused the harm suffered by Vasquez; it brings claims against a defendant who is constitutionally immune from being sued; and it fails to allege a violation of Vasquez's federal or constitutional rights sufficient to state a claim pursuant to § 1983.  In addition to these three issues, there is also the risk that her claims may be untimely on their face.  In any future amended complaint, then, Vasquez must address these problems in the manner discussed in this order.

### C.    Leave to Amend

Although the court dismisses the complaint, it recognizes that Vasquez is proceeding pro se and could fix the problems with his current complaint through amendment.  The court therefore GRANTS leave to amend.  See Fed. R. Civ. P. 15(a)(2); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

10

Any amended complaint must be filed by September 11, 2026, and it must fix the problems identified in this order.  It must comply with the Federal Rules of Civil Procedure and this court's Local Rules, including Local Rule 10.4, which requires Vasquez to "reproduce the entire pleading as amended;" she "may not incorporate any part of a prior pleading by reference."  Vasquez is cautioned that failure to timely file an amended complaint that fixes the problems identified in this order will result in the automatic dismissal of this case.

**CONCLUSION**

For the foregoing reasons, the court GRANTS Vasquez's in forma pauperis application, but DISMISSES her complaint with leave to amend.  If Vasquez wishes to file an amended complaint, she must do so by September 11, 2026.

IT IS SO ORDERED.

DATED:  August 13, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

*Kim Vasquez v. New York State Supreme Court*; Civil No. 25-00416 MWJS-WRP; ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND